1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LYNN GAVIN & THOMAS ADEYEMI,          No.  2:16-cv-2816-JAM-KJN PS

12              Plaintiffs,

13        v.                                ORDER AND

14   UNIVERSITY OF CALIFORNIA, et al.,      FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17

18        Plaintiffs Lynn Gavin and Thomas Adeyemi, who proceed in this action without counsel,[1]

19   have requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

20   Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines

21   that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a

22   claim on which relief may be granted, or seeks monetary relief against an immune defendant.

23        For the reasons discussed below, the court concludes that this action is duplicative of an

24   action that was previously filed in this court.  Accordingly, the court recommends that this action

25   be dismissed as duplicative and that plaintiffs' application to proceed *in forma pauperis* in this

26   court be denied as moot.

27   _____

28   [1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

1      On September 28, 2016, plaintiff Lynn Gavin commenced an action in this court against

2  defendants University of California, University of California Regents, University of California

3  Office of the President, UC Davis Interim Chancellor Ralph Hexter, and UC Davis Family

4  Student Housing Director Emily Galindo.  See 2:16-cv-2316-JAM-EFB.  In short, Ms. Gavin

5  alleged that she is an individual with multiple disabilities who for several years had resided with

6  her son, Thomas Adeyemi, in student family housing that is provided for students with family at

7  UC Davis.  However, Thomas graduated in June 2016, and the apartment lease expired at the end

8  of July 2016.  Although the university granted several of Ms. Gavin's requests for an extension of

9  time to find another apartment suitable for her disabilities, the university ultimately instructed Ms.

10  Gavin to vacate the apartment by the end of September 30, 2016.  The university explained that it

11  was not feasible for Ms. Gavin and her son to stay longer, because the housing was needed for

12  incoming students and their families.

13      Claiming that the university failed to reasonably accommodate her disabilities in various

14  respects, plaintiff Gavin asserted claims under the Americans with Disabilities Act ("ADA"), the

15  Rehabilitation Act, the Fair Housing Act, 42 U.S.C. § 1983 (for violations of the Due Process

16  Clause and the Equal Protection Clause), and Title VI of the Civil Rights Act, as well as several

17  state law claims.  Recently, on November 15, 2016, Judge Mendez, the district judge assigned to

18  the prior and the instant case, dismissed plaintiff Gavin's complaint without leave to amend.

19      Less than two weeks after dismissal of that action, plaintiffs Lynn Gavin and her son,

20  Thomas Adeyemi, commenced the instant action against the University of California, the

21  University of California Regents, University of California President Janet Napolitano, U.C. Davis

22  Interim Chancellor Ralph Hexter, and UC Davis Family Student Housing Director Emily

23  Galindo.  Although this second action adds Ms. Gavin's son, Thomas, as a plaintiff, and appears

24  to add some additional claims, plaintiffs' claims are all grounded on defendants' purported failure

25  to reasonably accommodate plaintiff Gavin's alleged disabilities and arise from the same

26  transactional nucleus of facts.

27      Indeed, the filing of this second action appears to be motivated purely by plaintiffs'

28  dissatisfaction with the outcome of the previous action in this court.  However, if plaintiff

1    believes that the court erred in its adjudication of the first action, the proper remedy is to move for

2    relief from the final judgment in the first action or to file an appeal of the first action, not to file a

3    second duplicative action.  Therefore, the court recommends that this action be dismissed as

4    duplicative.  Plaintiffs are also cautioned that the filing of future duplicative actions in this court

5    may result in the imposition of monetary or other appropriate sanctions.

6         Furthermore, the court notes that on November 29, 2016, plaintiffs also filed a "motion for

7    removal from superior court."  (ECF No. 4.)  By virtue of that filing, plaintiffs appear to be

8    attempting to remove to this court an unlawful detainer action filed against them by the university

9    in the Yolo County Superior Court (Case No. UD 16-1743).  That motion should be denied for at

10   least two reasons.  First, an action pending in state court that is removed to this court must be

11   removed as a separate action, and cannot be merged with this original action.  Second, and more

12   importantly, plaintiffs cannot properly remove an unlawful detainer action to this court, because

13   this court lacks federal subject matter jurisdiction over such an unlawful detainer action.  See,

14   e.g., HPROF, LLC v. Salma, 2012 WL 4209890 (E.D. Cal. Sep. 19, 2012) (outlining the

15   applicable law).

16        Accordingly, IT IS HEREBY RECOMMENDED that:

17        1.   Plaintiffs' motion for removal from superior court (ECF No. 4) be DENIED.

18        2.   To the extent that plaintiffs' motion (ECF No. 4) operated as a notice of removal, the

19             state court action (Regents of the University of California v. Adeyemi et al., UD 16-

20             1743) be REMANDED to the Yolo County Superior Court and that the Clerk of Court

21             be directed to serve a copy of the remand order on the Yolo County Superior Court.

22        3.   This action be dismissed as duplicative.

23        4.   Plaintiffs' motion to proceed in forma pauperis in this court (ECF No. 2) be denied as

24             moot.

25        5.   The Clerk of Court be directed to close this case.

26        In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

27   discovery, and motion practice in this action are stayed pending resolution of these findings and

28   recommendations.  Other than objections to the findings and recommendations or non-frivolous

3

1  motions for emergency relief, the court will not entertain or respond to any pleadings or motions

2  until the findings and recommendations are resolved.

3          These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served on all parties and filed with the court within fourteen (14) days after service of the

9  objections.  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

11  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12          IT IS SO ORDERED AND RECOMMENDED.

13  Dated:  December 1, 2016

14

15  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

4