1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LYNN GAVIN & THOMAS ADEYEMI,            No.  2:16-cv-2816-JAM-KJN PS

12              Plaintiffs,

13        v.                                 ORDER

14   UNIVERSITY OF CALIFORNIA, et al.,

15              Defendants.

16

17        On September 28, 2016, plaintiff Lynn Gavin commenced an action in this court against

18   defendants University of California, University of California Regents, University of California

19   Office of the President, UC Davis Interim Chancellor Ralph Hexter, and UC Davis Family

20   Student Housing Director Emily Galindo.  See 2:16-cv-2316-JAM-EFB.  In short, Ms. Gavin

21   alleged that she is an individual with multiple disabilities who for several years had resided with

22   her son, Thomas Adeyemi, in student family housing that is provided for students with family at

23   UC Davis.  However, Thomas graduated in June 2016, and the apartment lease expired at the end

24   of July 2016.  Although the university granted several of Ms. Gavin's requests for an extension of

25   time to find another apartment suitable for her disabilities, the university ultimately instructed Ms.

26   Gavin to vacate the apartment by the end of September 30, 2016.  The university explained that it

27   was not feasible for Ms. Gavin and her son to stay longer, because the housing was needed for

28   incoming students and their families.

                                     1

1    Claiming that the university failed to reasonably accommodate her disabilities in various

2    respects, plaintiff Gavin asserted claims under the Americans with Disabilities Act ("ADA"), the

3    Rehabilitation Act, the Fair Housing Act, 42 U.S.C. § 1983 (for violations of the Due Process

4    Clause and the Equal Protection Clause), and Title VI of the Civil Rights Act, as well as several

5    state law claims.  Recently, on November 15, 2016, Judge Mendez, the district judge assigned to

6    the prior and the instant case, dismissed plaintiff Gavin's complaint without leave to amend.

7    Less than two weeks after dismissal of that action, plaintiffs Lynn Gavin and her son,

8    Thomas Adeyemi, commenced the instant action against the University of California, the

9    University of California Regents, University of California President Janet Napolitano, U.C. Davis

10    Interim Chancellor Ralph Hexter, and UC Davis Family Student Housing Director Emily

11    Galindo.  Although this second action adds Ms. Gavin's son, Thomas, as a plaintiff, and appears

12    to add some additional claims, plaintiffs' claims are all grounded on defendants' purported failure

13    to reasonably accommodate plaintiff Gavin's alleged disabilities and arise from the same

14    transactional nucleus of facts.  Indeed, the filing of this second action appears to be motivated

15    purely by plaintiffs' dissatisfaction with the outcome of the previous action in this court.

16    Therefore, on December 2, 2016, the court issued findings and recommendations

17    recommending that the instant action be dismissed as duplicative.  (ECF No. 6.)  As the court

18    noted in the findings and recommendations, if plaintiffs believe that the court erred in its

19    adjudication of the first action, the proper remedy is to move for relief from the final judgment in

20    the first action or to file an appeal of the first action, not to file a second duplicative action.  Since

21    the issuance of the findings and recommendations, plaintiffs filed objections (ECF No. 7), which

22    remain pending before the district judge, as well as a notice of appeal to the Ninth Circuit Court

23    of Appeals (ECF No. 8).

24    Thereafter, on January 26, 2017, plaintiff Thomas Adeyemi filed a motion for an

25    emergency stay.  (ECF No. 11.)  Liberally construed, the motion seeks reconsideration of the

26    undersigned's findings and recommendations, as well as an order staying the judgment entered in

27    an unlawful detainer action filed in state court against plaintiffs.  It appears that the state court has

28    ordered plaintiffs' eviction to take place on January 31, 2017.

2

Having carefully reviewed plaintiff Adeyemi's motion, the court finds no proper basis to reconsider its findings and recommendations or to stay the state court's unlawful detainer judgment.  Plaintiff's Adeyemi's arguments lack merit and do not present a legal impediment to the lawfully scheduled eviction.  As such, plaintiffs' motion is denied.  However, such denial is without prejudice to seeking appropriate relief from the assigned district judge or the Ninth Circuit Court of Appeals.

Accordingly, IT IS HEREBY ORDERED that plaintiff Adeyemi's motion for an emergency stay is DENIED.  This order resolves ECF No. 11.

Dated:  January 30, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3